UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUTRIE R. YOUNG,

    Plaintiff,

v.                                  CASE No. 8:06-CV-181-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty years old at the time of the administrative hearing and who has an eleventh grade education, has been employed as a construction worker, laborer, and machine operator (Tr. 11,

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

21). He filed claims for Social Security disability benefits and supplemental security income, alleging that he became disabled due to back problems (Tr. 11). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has a severe impairment of degenerative disc disease of the lumbar spine with chronic lower back pain and leg pain (Tr. 17). The law judge concluded that this impairment restricted the plaintiff to a wide range of light work (Tr. 15). Specifically, the law judge determined that the plaintiff had the following residual functional capacity (id.):

> He can lift twenty pounds occasionally and ten pounds frequently, stand/walk six hours, and sit six hours. He must have the option to alternate sitting and standing. He can occasionally climb and stoop, but can never squat, kneel, or crawl.

The law judge ruled that these limitations prevented the plaintiff from performing his past work (Tr. 17). However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as parking lot cashier, ticket seller, and assembler (Tr. 18). The law judge therefore decided

that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made

by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff argues that the law judge erred in discounting the plaintiff's subjective complaints. The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be adequately explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987).

The law judge recognized the need to apply this standard and, in fact, cited Landry (Tr. 14). Moreover, the law judge provided the following detailed credibility determination (Tr. 14-15):

> The undersigned finds that the claimant is not generally credible. The medical evidence of record shows that the claimant has degenerative disc disease, which creates significant limitations on his ability to function. However, the record does not support the claimant's allegations of severe functional limitations such that he would be unable to perform full time work activity. Although the claimant portrayed significant pain during an examination, Dr. [Rodolfo] Eichberg noted several inconsistencies between the claimant's allegations and the objective examination. For example, his blood pressure reading was normal, which would not support a pain rating of 10 out of 10. The claimant was able to take off and put on his shoes and socks, which was inconsistent with the significantly decreased range of motion of the back that he claimed during examination. Finally, Dr. Eichberg noted that he did not know why the claimant was walking with a cane (Exhibit 2F). X-ray showed only mild scoliosis with degenerative facet joint changes (Exhibit 1F), while MRI scan showed degenerative disc disease with only minimal right neural foraminal narrowing (Exhibit 2F). Dr. [Patrick A.] Ijewere's examination showed significant findings, but he did not comment on the claimant's credibility as Dr. Eichberg had (Exhibit 4F). Subsequent notes from Tampa Community Health Center showed the claimant reported that medications relieved his pain (Exhibit 5F).

> Although the medical evidence of record shows the claimant has a severe impairment capable of limiting his ability to function, it does not support the claimant's allegations of needing to lie down for six hours a day. Significantly, Dr. Eichberg opined the claimant could lift twenty pounds and his physical therapy discharge indicates he could lift fifty pounds occasionally and thirty pounds frequently (Exhibit 2F). For the foregoing reasons, the undersigned finds the claimant is not generally credible and is capable of doing more than he alleges.

The law judge pointed out further that the plaintiff had a workers' compensation claim for which he was rated a 10% disability of his right arm and which he settled for $2,500 (Tr. 13). The law judge commented that "[t]he rather small rating and modest settlement are inconsistent with [the plaintiff's] contention of being unable to work at all" (id.).

The plaintiff argues that the law judge erred in stating that the plaintiff testified that he needs to lie down for six hours per day (Doc. 25, p. 5). The plaintiff is correct that the law judge misstated the plaintiff's testimony; what the plaintiff said was that he needs to lie down after standing or sitting for about six hours (Tr. 27). This misstatement, however, does not constitute reversible error.

In the first place, the plaintiff's testimony is essentially self-defeating. Thus, the plaintiff said that he could alternate between sitting and standing for about six hours without having to lie down (id.). Since the plaintiff seemingly could lie down at least at the lunch break, he would appear to be able to work for eight hours, alternating sitting and standing with that opportunity to lie down.

Furthermore, in light of the combined circumstances of the plaintiff's statement that he could alternate between sitting and standing for about six hours, the inconsistencies in the reporting of his symptoms, and Dr. Eichberg's finding of "symptom magnification" (Tr. 65), the law judge could reasonably conclude that the plaintiff's estimate of six hours significantly understates his ability to sit and stand. Consequently, it is gross speculation to think that, if this matter were remanded so that the law judge could consider the plaintiff's statement that he could alternate sitting and standing for about six hours, the law judge would change his credibility determination.

This conclusion is bolstered by the fact that, as the Commissioner points out, the notion that the plaintiff had to lie down for six hours a day was just one of several reasons the law judge gave for his credibility determination

(see Doc. 26, pp. 6-7). The Commissioner also notes that the plaintiff's treating physical therapist gave the following assessment (Tr. 61):

> Patient does not seem to be eager to improve to return to work. There is questionable inconsistency with reports of symptoms. He has been noncompliant with attendance of physical therapy.

In view of the evidence showing that the plaintiff has been exaggerating his symptoms, there is no reasonable basis for concluding that, if this matter were remanded, the law judge would modify either his credibility determination or his residual functional capacity finding. In other words, the law judge's error was harmless.

The plaintiff also seems to argue that the law judge, in making his credibility determination, should have given more weight to the assessment of an examining doctor, Dr. Ijewere, than he did to Dr. Eichberg. The law judge considered Dr. Ijewere's report, but discounted it because "he did not comment on the claimant's credibility as Dr. Eichberg had" (Tr. 14). In other words, the law judge concluded that Dr. Ijewere had based his assessment on the plaintiff's subjective complaints, but the law judge determined that those complaints were not totally credible. This is a valid basis for discounting Dr. Ijewere's opinions, and accepting those of Dr. Eichberg instead. Accordingly,

the law judge, in making his credibility determination, could reasonably rely upon Dr. Eichberg's assessment.

This conclusion is not weakened, moreover, because Dr. Ijewere saw the plaintiff about a year after Dr. Eichberg did. The plaintiff has not pointed to any evidence that the plaintiff's condition had significantly deteriorated in that year. In any event, the law judge discounted Dr. Ijewere's assessment because it was predicated upon the plaintiff's discredited subjective symptoms.

For these reasons, the plaintiff's challenge to the law judge's credibility determination is unpersuasive. It does not warrant a remand.

Finally, it is noted that the plaintiff at the beginning and end of his memorandum purports to raise an issue concerning whether the law judge "properly evaluate[d] the findings and opinions of the consultative examiner of the State Disability Determination Service" (Doc. 25, p. 2; see also id., pp. 7-8). However, there is no discussion of that issue in the body of the memorandum unless the plaintiff had Dr. Ijewere in mind. In that event, the contention has been rejected. Otherwise, the issue is deemed abandoned. See Doc. 18, p. 2.

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision, which is supported by substantial evidence and contains no reversible error, is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 23rd day of October, 2008.

                                    _/s/ Thomas G. Wilson_
                                    THOMAS G. WILSON
                                    UNITED STATES MAGISTRATE JUDGE